## LINN *vs.* ROBINSON & POLLARD.

1. In allotting dower in equity to a widow, it must be computed according to the value of the land at the time of the alienation by the husband, and not according to its value at the time of the allotment.

ERROR to the Chancery Court of Montgomery.

Heard before the Hon. J. W. LESESNE.

Mrs. Ann M. Linn filed this bill against the defendants in error, alleging that they were in possession of, and claimed title to a certain lot situated in the city of Montgomery, of which her deceased husband had been seized in fee during their coverture, and which he had aliened to some person unknown to complainant; that valuable improvements had been made on said lot since said alienation, and that her dower interest therein could not be assigned by metes and bounds. The prayer of the bill is, "that lawful interest upon one third of the value of said lot, apart from said improvements thereon, be paid annually to complainant during her life, and that the payment of the same be secured by a lien upon said lot; and further, for reasonable damages for the detention of her dower."

The answers admit all the allegations of the bill, and dispense with proof, submitting to abide the decree of the court. It was admitted, that the value of the lot, at the time of the alienation by the husband, was one hundred dollars, and that its present value, exclusive of said improvements, is six hundred dollars. The Chancellor decreed, that the dower should be estimated according to the value of the land at the time of the alienation by the husband, and this is assigned for error.

WADE KEYES, for plaintiff in error.

HENRY C. SEMPLE, *contra.*

CHILTON, J.—It is true, as the learned counsel states, that in no case hitherto presented to this court has the question presented by this record been directly discussed; yet, if the view taken by him be correct, that equitable dower must be estimated according to the value of the land at the time of the allotment, excluding the improvements made by the husband's alienee, the case of Beavers & Jemison v. Smith, 11 Ala. Rep. 20, and the subsequent cases based upon that decision, were clearly erroneous; for, as very properly stated by his Honor, the Chancellor, it would certainly have been erroneous to order the master to compute the value of the dower at the time of alienation, instead of at the time of the allotment, if the latter had been the proper period.

In the first case, (Beavers et al. v. Smith,) the matter as to the value of the dower was referred to the master, and the court could not have assumed, as matter of law, that that value was the same at the time of alienation and of the assignment, which was a number of years subsequent to the husband's disposition of it. In the reference, the Chancellor cut off all inquiry as to the value at the time of taking the account, by confining the master to the period of alienation. This decree was assigned for error, and the counsel against the demandant insisted that she was dowable in the lands "according to their value at the time of allotment, excluding the improvements made by the defendants," and cited the opinion of Mr. J. Story in 3 Mason's C. C. Rep., 347, and the cases referred to by him in support of the position. But the court held the decree in this respect correct. Now, although it is said no question was raised as to the appreciation in value of the land, it is most obvious that the question was raised, whether the Chancellor had decided correctly in forestalling that inquiry, by confining the register to the time of alienation, irrespective of the question of appreciation or depreciation in the value of the land.

In Francis et al. v. Garrard, 18 Ala. R., 796, we said, that the case of Beavers & Jemison v. Smith has ever since been considered as settling the rule upon this subject, namely, that

the interest on one third the value of the land at the time of alienation by the husband, to be annually paid to the widow, and its payment made secure by a lien on the land, or in some other eligible mode. We are aware that this rule may sometimes fail to do complete justice; but the same objection applies to that contended for by the counsel for the demandant. For if, instead of an appreciation in the value of the land to the amount of $500, the price had fallen that sum, in such case, the same hardship would have been visited on the opposite party. Either rule must be to some extent arbitrary, and we prefer adhering to that which, as we conceive, has been established by our predecessors, and hitherto followed by us.

Let the decree be affirmed.